JENNIFER R. SCHWARTZ (OR Bar No. 072978), *admitted pro hac vice*
Email: jschwartz@wildearthguardians.org
WildEarth Guardians
P.O. Box 13086
Portland, OR 97213
Telephone: (503) 780-8281

LINDSAY K. LARRIS (CA Bar No. 254270)
llarris@wildearthguardians.org
WildEarth Guardians
2590 Walnut Street
Denver, CO 80212
Telephone: (310) 923-1465

VANESSA SHAKIB (CA Bar No. 287339)
Vanessa@vanessashakib.com
Shakib Law, PC
500 N. Brande Blvd. Ste. 2000
Glendale, CA 91203
Telephone: (818) 516-9532

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDEARTH GUARDIANS, | ) |
| | ) Case No.: 2:19-cv-09473-ODW-KS |
| Plaintiff, | ) |
| vs. | ) JOINT FEDERAL RULE OF CIVIL |
| | ) PROCEDURE RULE 26(f) |
| DAVID BERNHARDT, in his official | ) REPORT |
| capacity as U.S. Secretary of the | ) |
| Interior, and UNITED STATES FISH | ) |
| AND WILDLIFE SERVICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

JOINT RULE 26(f) REPORT                                                                 1

Pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Civil Local Rule ("L.R.") 26-1, and this Court's Order of January 14, 2020 (Dkt. No. 18), the Parties jointly submit this Case Management Report.  Counsel for Plaintiff and Defendants have met and conferred by telephone and via follow-up email communications to jointly prepare the following Report.  The parties are in agreement as to the issues set forth below.

**I. Parties and Representatives**

A.     Plaintiff:  Plaintiff in this case is Wildearth Guardians, a non-profit corporation.  Counsel for Plaintiff are:

JENNIFER R. SCHWARTZ (OR Bar No. 072978)
Email: jschwartz@wildearthguardians.org
WildEarth Guardians
P.O. Box 13086
Portland, OR 97213
Telephone: (503) 780-8281

LINDSAY K. LARRIS (CA Bar No. 254270)
llarris@wildearthguardians.org
WildEarth Guardians
2590 Walnut Street
Denver, CO 80212
Telephone: (310) 923-1465

VANESSA SHAKIB (CA Bar No. 287339)
Vanessa@vanessashakib.com
Shakib Law, PC
500 N. Brande Blvd. Ste. 2000
Glendale, CA 91203
Telephone: (818) 516-9532

B.     Defendants:  Defendants in this case are David Bernhardt, Secretary of the U.S. Department of Interior, and the U.S. Fish and Wildlife Service, an agency of the United States Department of Interior.  Counsel for Defendants are:

SHAMPA A. PANDA (CA Bar No. 316218)
Shampa.panda@usdoj.gov
United States Department of Justice
150 M Street N.E.
Washington, DC 20002
Telephone: (202) 305-0431

## II. Jurisdiction and Service

Plaintiff bases jurisdiction on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (federal officer action), the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g) (citizen suit provision), § 2201 (declaratory relief) and § 2412 (costs and fees). Plaintiff alleges venue is proper in this Court pursuant to 28 U.S.C. § 1391. All parties have been served.

## III. Nature of the Case

On November 04, 2019, Plaintiff filed a lawsuit challenging the U.S. Fish and Wildlife Service's ("Service") decision on August 15, 2019 not to list the Joshua tree as a threatened species under the ESA, 16 U.S.C. § 1533.  *See* 84 Fed. Reg. 41,694, at 41,697 (Aug. 15, 2019) ("12-Month Finding").  Plaintiff seeks vacatur of the Service's allegedly unlawful "not warranted" listing decision for the Joshua tree and declaratory relief under the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, and attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Defendants dispute Plaintiff's claims and filed their Answer to Plaintiff's Complaint on January 13, 2020.

## IV. Amendment of Pleadings

The Parties do not currently anticipate any amendment of the pleadings.

## V. Additional Parties

The Parties do not currently anticipate the appearance of any additional parties to this action.  *See* L.R. 26-1(e).

//

JOINT RULE 26(f) REPORT                                                 3

## VI. <u>Discovery and Administrative Record</u>

The Parties agree that the merits of Plaintiff's claims are governed by the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, and therefore do not anticipate any discovery, as this action will likely be resolved based on the undisputed facts contained in the Administrative Record.  The Parties further agree that this case is therefore exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i), and from the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

Defendants anticipate that the Administrative Record will contain a large number of documents, many of which are voluminous and will result in large file sizes likely to exceed the filing limits of the Court's CM/ECF system. Accordingly, Defendants propose, consistent with L.R. 5-4.2(b)(4), to file manually with the Clerk's Office a copy of the Administrative Record in electronic format, either on CD/DVD-ROM disc(s) or on a flash drive, and simultaneously to file a Notice of Manual filing in CM/ECF attaching a copy of the index to the record and the agency's certification of the record. Defendants will also serve the Court and Plaintiff with a courtesy copy of the Administrative Record in the same electronic format. Each disc or hard drive will include a hyperlinked electronic index of the documents contained in the Administrative Record, and the documents will be included in searchable pdf file format to the extent possible.

The Parties have no proposals on the items in Local Rule 26-1(a), (d) or (f). This is not a complex case, and the Parties do not expect the Manual for Complex Litigation to be utilized. *See* L.R. 26-1(a). Because this case will be resolved based on motions for summary judgment after preparation of the Administrative Record, the Parties do not anticipate a trial, *see* L.R. 26-1(d), or the use of expert witnesses. *See* L.R. 26-1(f).

## VII. <u>Motions</u>

The Parties anticipate resolving the case on cross-motions for summary

JOINT RULE 26(f) REPORT                                                                 4

judgment based on the Administrative Record in existence at the time the agency made the challenged decision. As such, the Parties agree that there can be no genuine issues of material fact for the court to resolve in this case. The Parties therefore propose that they be exempt from filing separate statements of uncontroverted or undisputed material facts as otherwise required by L.R. 56-1, L.R. 56-2, and instead propose that the Parties provide factual background sections with citations to the Administrative Record in their memoranda in support of the cross motions for summary judgment. *See Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) (in an APA action, "there are no disputed facts that the district court must resolve. That court is not required to resolve any facts in a review of an administrative proceeding. Certainly, there may be issues of fact before the administrative agency. However, the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.")

Plaintiff reserves the right to file a motion to complete and/or supplement the Administrative Record.  In conferring over this stipulated case management plan, Plaintiff expressed their position, consistent with the Ninth Circuit's definition of the "whole" Administrative Record and with the opinions of district courts within this Circuit, that if Defendants withhold documents, or portions of documents, which are relevant to the agency's decision-making process for the action challenged herein, and which were before agency decision-makers during that decision-making process, then the index for the Administrative Record must identify the documents and materials, reflect that they are being withheld, and state on what basis they are being withheld.  *See Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("The 'whole' administrative record …consists of all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position.") (emphasis original and internal citations omitted); *Sierra Club v. Zinke*, No. 17-CV-07187-

JOINT RULE 26(f) REPORT                                                                 5

WHO, 2018 WL 3126401, at *2 (N.D. Cal. June 26, 2018) ("If the agency determines that certain documents that were considered, directly or indirectly, should be excluded while designating the Administrative Record index, those documents should be entered into a privilege log to submit the "whole record" to the court.") (citing *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017), *mandamus denied sub nom. In re Thomas E. Price*, No. 17-71121 (9th Cir. Jan. 18, 2018)).

Defendants reserve the right to oppose any motions to complete and/or supplement the record. Defendants have expressed their position that the Ninth Circuit has not addressed whether deliberative documents must be logged and there is a split in authority on the issue among the district courts in the Ninth Circuit. *Center for Biological Diversity v. Zinke*, Case No. 3:18-cv-00064-SLG, 2018 WL 8805325, at * 2-3 (D. Alaska Nov. 16, 2018). Moreover, according to the D.C. Circuit, the only court of appeals that has addressed the issue, Defendants need not include predecisional, deliberative documents in the administrative record, or produce a privilege log for such documents. *Oceana v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("The District Court correctly observed that predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record.") (internal quotations and citations omitted).

## VIII. Proposed Deadlines

### A. Administrative Record

1. On or before **April 10, 2020** Defendants will certify and lodge the Administrative Record with the Court and serve the Administrative Record on Plaintiff.

2. On or before **April 24, 2020**, the Parties will confer to address any issues with the Administrative Record.

3. On or before **May 8, 2020**, the Parties will attempt to resolve any Administrative Record issues without judicial intervention.

4. On or before **May 29, 2020**, any motions to complete and/or supplement the Administrative Record must be filed. In the event that any such motions are filed, the Parties further agree to submit a joint proposed schedule for the Parties' briefing on any such motions concurrently therewith and, if necessary, to submit a joint proposed amended schedule for the Parties' dispositive briefing.

B. <u>Motions (other than those related to the Administrative Record)</u>

If no motions are filed regarding the Administrative Record, the Parties agree to the following proposed schedule for briefing on cross-motions for summary judgment. They believe this round of motions will resolve all claims in this action. In addition to the proposed schedule, however, the Parties reserve the right to file additional motions not contemplated by this schedule and in accordance with the Local Rules of this Court.

1. Plaintiff's opening summary judgment brief shall be due **May 15, 2020**.

2. Defendants' combined cross-motion and response brief shall be due **June 5, 2020**.

3. Plaintiff's combined response and reply brief shall be due **June 26, 2020**.

4. Defendants' reply brief shall be due **July 10, 2020**.

5. The Parties request a hearing on their cross-motions for summary judgment as soon as convenient for the Court and the Parties following the close of summary judgment briefing.

**IX. <u>Settlement/Alternative Dispute Resolution (ADR)</u>**

The Parties do not believe that settlement negotiations or ADR would be productive at this time. Pursuant to Local Rules 26-1(c) and 16-15.4, the Parties

agree that ADR Procedure No. 2 would be well suited to this case, and agree to participate in any such efforts that the Court may direct.

## X.  Related Cases

There are not any related cases pending before other courts or judges in this Court.

## XI. Scheduling Conference

Because the Parties agree that (1) no discovery is anticipated in this matter, (2) this matter will be resolved on cross-motions for summary judgment, and (3) the proposed schedule will facilitate resolution in this matter, the Parties believe that a scheduling conference is unnecessary. The Parties accordingly request that the Court vacate the April 20, 2020 Scheduling Conference.

Respectfully submitted this 4th day of February 2020.

*/s/ Jennifer Schwartz*
JENNIFER R. SCHWARTZ (Oregon Bar No. 072978)
WildEarth Guardians
P.O. Box 13086
Portland, OR 97213
Telephone: (503) 780-8281
Email: jschwartz@wildearthguardians.org

*/s/ Lindsay K. Larris*
LINDSAY K. LARRIS (California Bar No. 254270)
WildEarth Guardians
2590 Walnut Street
Denver, CO 80212
Telephone: (310) 923-1465
Email: llarris@wildearthguardians.org

*/s/ Vanessa Shakib*
VANESSA SHAKIB (California Bar No. 287339)
Shakib Law, PC
500 N. Brande Blvd. Ste. 2000

JOINT RULE 26(f) REPORT                                              8

Glendale, CA 91203
Telephone: (818) 516-9532
Email: Vanessa@vanessashakib.com

*/s/ Shampa A. Panda*
SHAMPA A. PANDA
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
Fax: (202) 305-0275
E-mail: shampa.panda@usdoj.gov

JOINT RULE 26(f) REPORT                                        9