# United States District Court
# Central District of California

WILDEARTH GUARDIANS,

    Plaintiff,

    v.

DAVID BERNHARDT, et al.,

    Defendants.

Case №: 2:19-cv-09473-ODW (KSx)

**ORDER GRANTING MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD [31]**

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff WildEarth Guardians's Motion to Compel Completion of the Administrative Record. (Mot. to Compel Completion ("Motion" or "Mot."), ECF No. 31.) The Motion is fully briefed. (*See* Opp'n to Mot. ("Opp'n"), ECF No. 34; Reply ISO Mot. ("Reply"), ECF No. 35.) For the reasons that follow, the Court **GRANTS** WildEarth's Motion.[1]

## II.    BACKGROUND

In September 2015, WildEarth petitioned Defendant U.S. Fish and Wildlife Service (the "Service") under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, to list the Joshua tree as "threatened" due to climate change, frequent

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

wildfires, and habitat loss.  (Compl. ¶¶ 4–5, ECF No. 1.)  In 2016, the Service issued a 90-day finding that listing the Joshua tree as "threatened" may be warranted.  (*Id.* ¶ 6 (citing 81 Fed. Reg. 62,160–63, 165 (Sept. 14, 2016)).)

However, in August 2019, the Service published its final findings and reversed its earlier position, declaring that listing the Joshua tree as threatened was "not warranted."  (Compl. ¶ 7 (citing 84 Fed. Reg. 41,694, at 41,697 (Aug. 15, 2019) ("12-Month Finding")).)  Later that same month, to understand the basis for the Service's decision, WildEarth submitted a Freedom of Information Act ("FOIA") request to the Service requesting records related to the 12-Month Finding.  (Mot. 3–4.) The Service released several hundred documents in response to WildEarth's FOIA request.  (*Id.* at 4.)

In November 2019, WildEarth filed this action against Defendants David Bernhardt, U.S. Secretary of the Interior, and the Service (collectively, "Defendants"), challenging the 12-Month Finding.  (Compl. ¶¶ 1, 7–8, 16–17.)  In April 2020, Defendants lodged the administrative record, consisting of over 500 documents, with the Court.  (Notice of Lodging, ECF No. 26; Opp'n 2–3.)  WildEarth compared the documents responsive to the FOIA request with those included in the lodged record and conferred with Defendants regarding documents WildEarth asserted were improperly omitted.  (Mot. 4–5.)  Defendants agreed to add a number of documents that were "inadvertently omitted" from the record but declined to include documents it deemed "deliberative."  (Joint Report 2, ECF No. 28.)

WildEarth now moves to compel completion of the administrative record with sixteen[2] specific documents that it contends were "clearly before the agency at the

---

[2] WildEarth initially sought inclusion of seventeen omitted documents.  (*See* Mot. 1; Decl. of Jennifer R. Schwartz ("Schwartz Decl.") ¶ 2, Ex. 1, ECF Nos. 31-1, 31-2.)  Defendants concede that WildEarth's Exhibit 23, the "Vamstad Study," should have been included in the administrative record and agree to lodge a "revised record and supplemental index."  (Opp'n 3 nn. 1, 3.) Accordingly, only sixteen documents remain in dispute.  (*See* Reply 1.)

time of its decision-making process for the Joshua tree," but which Defendants improperly omitted from the administrative record. (Mot. 5.)

### III. LEGAL STANDARD

"Generally, judicial review of agency action is limited to review of the record on which the administrative decision was based." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Courts, however, may grant a motion to complete[3] the administrative record where the agency has not submitted the "whole" record. *See* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party . . . .").

The "whole" record "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson*, 885 F.2d at 555 (citation omitted); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (holding that courts must review "the full administrative record that was before the [agency] at the time [it] made [the] decision"). This includes "documents that literally passed before the eyes of the final agency decision maker as well as those considered and relied upon by subordinates who provided recommendations." *Regents of Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *2 (N.D. Cal. Oct. 17, 2017) (brackets and internal quotation marks omitted). An agency may not exclude information it considered on the grounds that it did not rely on it. *Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, Nos. 05-cv-3508-EDL & 05-cv-4038-EDL, 2006 WL 708914, at *2 (N.D. Cal. Mar. 16, 2006).

The agency's designation of the record is accorded a presumption of completeness, which the plaintiff may overcome with "clear evidence to the contrary."

---

[3] "'[C]ompleting the record' refers to including 'materials which were actually considered by the agency, yet omitted from the administrative record,' whereas 'supplementing the record' refers to including 'materials which were not considered by the agency, but which are necessary for the court to conduct a substantial inquiry.'" *Bruce v. Azar*, 389 F. Supp. 3d 716, 724 n.5 (N.D. Cal. 2019) (quoting *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1274 (D. Colo. 2010)). WildEarth moves to complete the record, not supplement it. (*See* Mot. 1–2, 9 n.1.)

3

*In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)), *vacated on other grounds*, 138 S. Ct. 443 (2017). The plaintiff need not show bad faith or improper motive to rebut the presumption of completeness. *Lockyer*, 2006 WL 708914, at *2.

## IV. DISCUSSION

WildEarth contends Defendants' lodged record is incomplete because Defendants wrongfully omitted the sixteen disputed documents on the basis of deliberative privilege without providing a privilege log. (Mot. 1–2, 11; Reply 1.) WildEarth argues Defendants must complete the record with the disputed documents because they are properly part of the "whole record," and if Defendants seek to exclude documents based on privilege, Defendants must provide a privilege log. (Mot. 1–2, 11, 19.) Defendants readily acknowledge that they omitted the disputed documents from the record but assert the documents are "deliberative"—part of the agency's internal decision process—and therefore not "considered" by the agency in reaching the 12-Month Finding. (Opp'n 6–7, 16–17.) Defendants argue that, consequently, the assertedly "deliberative" documents are not part of the "whole record" in the first instance and no assertion of privilege or privilege log is required.[4] (Opp'n 6–13, 16–17.)

As Defendants' designated record is accorded a presumption of completeness, the Court must first determine whether WildEarth has rebutted that presumption before it may consider whether the disputed documents are part of the "whole record."

A plaintiff may overcome the presumption that the agency's record is complete by providing "clear evidence to the contrary." *In re United States*, 875 F.3d at 1206. To meet this standard, the plaintiff must identify the allegedly omitted materials with

---

[4] Defendants "do not claim deliberative process privilege over any documents." (Opp'n 15–17.) As Defendants have not asserted the deliberative process privilege, and indeed argue they need not do so to withhold the disputed documents from the record, a determination of whether the privilege applies to any disputed document is premature. Therefore, the Court does not reach WildEarth's arguments pertaining to waiver or limitation of the privilege.

sufficient specificity and "identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Gill v. Dep't of Just.*, No. 14-cv-03120-RS (KAW), 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015). Courts have deemed materials "considered" when they "address the subject matter at issue" and "were before the decision-making agency." *Beverly Hills Unified Sch. Dist. v. Fed. Transit Admin.*, No. CV 18-716-GW (SSx), 2018 WL 5919218, at *3 (C.D. Cal. Sept. 17, 2018) (citations omitted). Plaintiffs must typically "set forth in their motion: (1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1232 (E.D. Cal. 2013) (quoting *Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1275).

Here, WildEarth has overcome the presumption of completeness. WildEarth submits sixteen documents obtained from the Service through a FOIA request regarding the 12-Month Finding; these documents include maps, studies, tables, models, meeting minutes, emails, and draft reports that were before the Service when it was considering whether to list the Joshua tree as threatened. (*See* Schwartz Decl. Exs. 1, 7–22.) WildEarth also submits breakdowns of Service staff and of the documents, describing when each document was before the Service, specifically which team member(s), and in what context as relates to the 12-Month Finding. (*See id.* Ex. 1; *see also* Service Staff List iv–v, ECF No. 31.) From the documents themselves, it is clear that these materials literally passed before the eyes of agency team members and they concern matters relevant to the question of the Joshua tree's threatened status. It is therefore reasonable to conclude that these documents, at a minimum, informed the reasoning and conclusions underlying the 12-Month Finding. WildEarth thus establishes that the Service "considered" the omitted materials, which is sufficient to rebut the presumption of completeness.

Defendants admit they excluded the disputed documents from the lodged record but contend exclusion is proper, the lodged record is complete without them, because

"deliberative materials are outside the scope of [Administrative Procedure Act ("APA")] review and are not part of the administrative record." (Opp'n 6, 16.) Defendants rely on *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Commission*, but the court there did not so broadly hold that all assertedly deliberative materials must be categorically excluded. (*See* Opp'n 8–9 (citing 789 F.2d 26, 44–45 (D.C. Cir. 1986))). Rather, the U.S. Court of Appeals for the D.C. Circuit denied the plaintiff's request to supplement the record with transcripts of literal committee deliberations, and held that review of such transcripts was generally inappropriate on APA review. 789 F.2d at 44–45. Notably, no such transcripts are at issue here. (*See* Schwartz Decl. Exs. 7–22.)

In any event, Defendants acknowledge that *Mothers For Peace* is not binding on this Court. (*See* Opp'n 11 (noting the lack of binding authority on the issue in the Ninth Circuit).) And the Ninth Circuit has not yet decided "whether assertedly deliberative documents must be logged and examined or whether the government may exclude them from the administrative record altogether." *In re United States*, 875 F.3d at 1210.

That said, courts in this circuit have recognized that "the practice in the Ninth Circuit does not follow the D.C. Circuit's approach." *Beverly Hills*, 2018 WL 5919218, at *6 (collecting cases); *see In re United States*, 875 F.3d at 1210 (collecting cases) ("[M]any district courts within this circuit have required a privilege log and *in camera* analysis of assertedly deliberative materials in APA cases."). For example, "[c]ourts in the Northern District of California have consistently required agencies seeking to assert deliberative process privilege to produce a privilege log." *Ctr. for Envtl. Health v. Perdue*, No. 18-cv-01763-RS, 2019 WL 3852493, at *3 (N.D. Cal. May 6, 2019). They find that the "government is wrong to assert that [deliberative] materials, as a categorical matter, should be excluded from the universe of materials directly or indirectly considered by agency decision-makers." *Inst. for Fisheries Res.*

*v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) (internal quotation marks omitted).

While courts in the Northern District of California uniformly reject Defendants' argument, courts here in the Central District remain divided regarding whether assertedly deliberative documents must be included in the "whole record." *Compare Beverly Hills*, 2018 WL 5919218, at *4, 6 (rejecting agency's position and requiring inclusion of specific deliberative documents and a privilege log for any material redacted or withheld), *with ASSE Int'l, Inc. v. Kerry*, No. SACV 14-00534-CJC (JPRx), 2018 WL 3326687, at *4 (C.D. Cal. Jan. 3, 2018) (concluding "the documents over which Defendants claim privilege are not part of the administrative record and Defendants are not required to produce a privilege log").

Given the lack of binding authority for the proposition that deliberative materials are categorically not part of the "whole" record, the Court agrees with those courts which conclude that such documents are part of the "universe of materials 'directly or indirectly considered.'" *Inst. for Fisheries Res.*, 2017 WL 89003, at *1. An administrative record must include all materials that might have influenced an agency's decision, are related to the subject matter under review, and were before the agency during the relevant time. *See Beverly Hills*, 2018 WL 5919218, at *4 (granting motion to complete record with specific documents). A record that does not include all such materials "does not constitute the 'whole record' required for judicial review" and "must be viewed as a 'fictional account of the actual decision-making process.'" *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1536–37, 1548 (9th Cir. 1993). Thus, the "whole record" here must include "everything that was before the agency pertaining to the merits" of the 12-Month Finding, including the disputed documents. *Id.* at 1548. To the extent Defendants seek to withhold any document on the basis that it is deliberative, they must assert the privilege and provide a privilege log.

The Ninth Circuit has indicated support for this approach to compiling an administrative record for APA review, finding it "reasonable" to require a privilege log and assertion of privilege for assertedly deliberative materials. *See In re United States*, 875 F.3d at 1210. In *In re United States*, the plaintiffs sought to include in the record omitted emails, memoranda, meeting minutes, materials considered by subordinates, and various communications. *Id.* at 1206–07; *see also Regents of Univ. of Cal.*, 2017 WL 4642324, at *3 (in the case below, identifying categories of documents at issue). The Ninth Circuit held, in the context of mandamus review, that it was not clear error for the district court to "require a privilege log and evaluate claims of privilege on an individual basis before including documents in the record." *In re United States*, 875 F.3d at 1210. In line with the above reasoning, the disputed documents here were before the Service and pertain to the 12-Month Finding; therefore, they must be included in the administrative record, even if portions are redacted as deliberative and a privilege log produced.

The Court recognizes that, even under this standard, some agency documents, may be protected from inclusion. "But the scope of the privilege does [not] define the scope of the material directly or indirectly considered." *Inst. for Fisheries Res.*, 2017 WL 89003, at *1. The deliberative process privilege is qualified and limited. *See FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). For instance, a document must be deliberative in nature, meaning "[p]urely factual material that does not reflect deliberative processes is not protected." *Id.* "Factual portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are so interwoven with the deliberative material that they are not segregable." *See Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (brackets and internal quotation marks omitted). Accordingly, the disputed documents here may not be *categorically* excluded as "deliberative." *See Inst. for Fisheries Res.*, 2017 WL 89003, at *1 (finding that the government may not categorically exclude purported deliberative materials). Thus, if a privilege applies,

"the proper strategy [is not] pretending the protected material [was not] considered, but withholding or redacting the protected material and then logging the privilege." *Id.* (citing *Lockyer*, 2006 WL 708914 at *3). Defendants "must make a specific showing establishing the application of a privilege for each document that it contends that it may withhold based on privilege." *Gill*, 2015 WL 9258075, at *7.

In light of the foregoing, and given that WildEarth has demonstrated that the sixteen omitted documents concern whether to list the Joshua tree as threatened and were before the agency during the Service's evaluation, the documents should have been included in the record. Therefore, WildEarth has rebutted the presumption that the administrative record is complete. Accordingly, the Court **GRANTS** WildEarth's Motion and **ORDERS** Defendants to either include the sixteen disputed documents in the administrative record or assert the privilege and provide a privilege log.[5]

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** WildEarth's Motion to Compel Completion of the Administrative Record. (ECF No. 31.) Within thirty days of the date of this order: (1) Defendants shall complete the administrative record with the sixteen disputed documents and/or produce a log of documents withheld from the record on privilege grounds, and (2) the parties shall jointly propose a briefing schedule for their anticipated summary judgment motions.

**IT IS SO ORDERED.**

December 16, 2020 _____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[5] Challenges to claims of privilege will be heard by the assigned Magistrate Judge.